IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON L. SEABAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-268-GPM |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Bryon L. Seabaugh filed this action under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, claiming that he sustained a permanent eye injury while working a spike puller machine for his employer, Defendant Union Pacific Railroad Company. The case proceeded to trial, at the conclusion of which the jury answered "No" to the first question on the Special Verdict Form: "Do you find that Defendant was negligent and that Defendant's negligence caused or contributed to Plaintiff's injuries?" The jury had no occasion to consider the remaining questions on the Special Verdict Form relating to damages and contributory negligence. At the close of Plaintiff's case and at the close of all the evidence, both parties made motions for judgment as a matter of law under Federal Rule of Civil Procedure 50; those motions were denied. Plaintiff now timely renews his motion for judgment as a matter of law and alternatively moves for a new trial as contemplated under Rule 50(b).

As an initial matter, judgment as a matter of law at the close of a plaintiff's case is available

only to a defendant. *See* FED. R. CIV. P. 50(a). Plaintiff's contention that the Court erred in failing to grant Plaintiff's motion for judgment as a matter of law at the close of his own case simply contradicts the rule.

Judgment as a matter of law on an issue may be granted against a party if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). All reasonable inferences must be drawn in favor of the nonmoving party, and a court may not engage in credibility determinations or the weighing of evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). "A trial court should overturn a verdict only where the evidence supports but one conclusion – the conclusion *not* drawn by the jury." *Ryl-Kuchar v. Care Centers, Inc.*, 565 F.3d 1027, 1030 (7th Cir. 2009).

Under the FELA, railroads have a duty to furnish their employees with a reasonably safe place to work. *Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 558 (1987). The question for a jury is whether the railroad exercised the degree of care of an ordinarily prudent person. *CSX Transp. v. McBride*, 131 S. Ct. 2630, 2643 (2011). The duty of care is determined by what is reasonably foreseeable under the circumstances. *Id.* Here, the Court must determine whether a reasonable jury could have found that Plaintiff failed to prove by a preponderance of the evidence that Defendant breached its duty of care and that said breach caused Plaintiff's injury. Plaintiff argues that Defendant was negligent as a matter of law in one or both of the following ways: failing to affix a plexiglass shield on his spike puller instead of a mesh shield and/or failing to provide him with proper safety glasses.

A reasonable jury could have concluded that the mesh shield was a reasonably safe way to protect spike puller operators from the dangers of debris. While a plexiglass shield might have

offered more protection to an operator, particularly against small metal splinters like the one alleged to have injured Plaintiff, it does not follow that it was unreasonable for Defendant not to supply one. Plaintiff did not present evidence of other similar splinter injuries, a comparison of injury rates between spike pullers with mesh shields and spike pullers with plexiglass shields, or any evidence beyond vague statements that sometimes things struck spike puller operators. The jury reasonably could have determined that Defendant provided a reasonably safe place to work by furnishing a spike puller with a mesh shield.

A reasonable jury similarly could have concluded that the XP safety glasses provided to Plaintiff were reasonably safe. Plaintiff argues that the XP glasses were unsafe because they left a gap between his face and the glasses and that, therefore, Defendant should have provided him with Bandit glasses, which he believes fit his face better, or a face shield. A reasonable jury could have found that, despite Plaintiff's complaints and the existence of a gap, the XP glasses constituted sufficient protection against eye injury, such that Defendant fulfilled its duty to provide a reasonably, albeit not perfectly, safe workplace. Alternatively, a reasonable jury could have determined that Plaintiff's theory of the accident – that the splinter flew under Plaintiff's hardhat, through the gap in his glasses, and into Plaintiff's eye – was not reasonably forseeable.

The Court rejects Plaintiff's contention that the jury could not permissibly have inferred that he was either not wearing his glasses at the time of the accident or that he was wearing them improperly. When Plaintiff showed the jury how the XP glasses fit, he appeared to allow the glasses to sit farther from his face than necessary. At defense counsel's request, he brought them closer to his face, which closed the size of the gap. The jury reasonably could have concluded that, to the extent that there was a gap between the XP glasses and Plaintiff's face, that gap resulted

from improper wear and not a failure by Defendant to provide reasonably safe glasses. The jury similarly reasonably could have concluded that Plaintiff was not wearing his safety glasses, as discussed in more detail below.

Plaintiff argues that he presented evidence of foreseeability and causation and that reasonable inferences could have been drawn in his favor. This is not the standard under Rule 50. Plaintiff's burden at this stage goes beyond merely pointing to evidence that could have persuaded a jury. Rather, he must establish that no reasonable jury would have a legally sufficient basis for returning a verdict against him. Plaintiff has failed to do so. His renewed motion for judgment as a matter of law is **denied**.

The Court may grant a new trial after a jury trial "for any reasons for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). A new trial may be granted "if 'the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party.'" *Frizzell v. Szabo*, 647 F.3d 698, 702 (7th Cir. 2011), *quoting McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 516 (7th Cir. 1993). "[T]he court must disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P. 61. A party waives objections not raised at or before trial, but there is no need to renew an objection once the court has made a definitive ruling. FED. R. EVID. 103(a).

Plaintiff first argues that it was error to deny his motions for judgment as a matter of law. Plaintiff makes several related arguments that the jury's verdict is "based on guess, speculation and conjecture" and is "contrary to law;" that Defendant was negligent as a matter of law; and that there is no evidence to support the verdict. These arguments are addressed above with respect to

Plaintiff's request for judgment as a matter of law and will not be considered again here.

Plaintiff argues that the Court should not have allowed the jury to consider the issue of contributory negligence. Plaintiff further argues that the Court should not have allowed the jury to "guess, speculate and conjecture that the plaintiff was not wearing his safety glasses at the time of the injury" because there was no such evidence presented. In fact, there was sufficient evidence to support Defendant's contributory negligence affirmative defense. Dr. Westrich testified that injuries of the type suffered by Plaintiff do not ordinarily occur when safety glasses are being worn. Further, as described above, when Plaintiff tried on his safety glasses for the jury, he was able to reposition them to reduce the gap between the glasses and his face. Whether and how Plaintiff wore his glasses was a material dispute that turned on credibility. It was proper for the jury to consider.

Plaintiff argues that Defendant lost the safety glasses that Plaintiff was wearing at the time of the incident and asserts that Defendant "is guilty of spoliation of evidence." Plaintiff did not request a spoliation instruction or make any showing that Defendant intentionally or negligently disposed of the glasses. Plaintiff theorizes that the glasses *might* indicate the path of the metal splinter that entered his eye. This theory does not provide grounds for a new trial.

Plaintiff argues that the Court should have instructed the jury using two Illinois pattern instructions rather than the Seventh Circuit pattern instructions. Plaintiff's Proposed Instruction No. 1, based upon I.P.I. No. 160.02, describes briefly the parties' specific claims and defenses, which Plaintiff could have argued to the jury. Joint Tendered Instruction No. 2, based upon I.P.I. No. 160.01, describes the elements of an FELA claim, which were given to the jury using the Seventh Circuit's pattern instructions. Plaintiff does not explain why he believes that the given

instructions were defective. This Court did not err by instructing the jury pursuant to the Seventh Circuit's pattern instructions rather than those used in Illinois state court.

Plaintiff contends that the Court improperly permitted Defendant to play a video recording of his deposition because it was not used for the purpose of impeachment or contradiction. Federal Rule of Civil Procedure 32(a)(3) specifically provides that "[a]n adverse party may use for any purpose the deposition of a party." The Court did not err in allowing Defendant to do so here.

Plaintiff argues that the Court should have instructed the jury that he was injured in the course of his employment. This question was not submitted to the jury for determination on the Special Verdict Form. Plaintiff seems to contest the fact that Defendant was allowed to present evidence related to medical forms indicating that Plaintiff had been injured while using a weed eater. This evidence was relevant and was properly admitted to support Defendant's theories that both Plaintiff and his mother told conflicting stories as to how the injury happened and that Plaintiff made up the weed eating story to avoid discipline for not wearing his safety glasses properly, if at all, at the time of the injury. Any possible confusion resulting from this testimony was outweighed by the probative value of the evidence supporting Defendant's theory of the case.

Plaintiff argues that the Court should not have allowed evidence and argument regarding whether he was wearing safety glasses at the time of the injury. This evidence was relevant both to the issue of contributory negligence and to Defendant's theory that the injury occurred without any negligence on its part.

Plaintiff contends that the Court erred by permitting Defendant to argue during closing argument that no similar incidents had occurred previously. The lack of evidence of prior similar incidents was relevant to the question of foreseeability and, thus, was an appropriate argument.

Finally, Plaintiff argues that a new trial should be granted because the verdict is contrary to the weight of the evidence. While the district court has the power to grant a new trial on weight of the evidence grounds, such power is not unlimited. To do so, a jury's verdict must be against the "manifest weight of the evidence," which encompasses deference to the jury's conclusions by balancing "a decent respect for the collective wisdom of the jury against a duty not to approve miscarriages of justice." *Mejia v. Cook County*, 650 F.3d 631, 633 n.1 (7th Cir. 2011) (internal quotation omitted). For all the reasons set forth above, the jury's verdict was not against the manifest weight of the evidence. The jury could have decided this case either way. There is no basis for this Court to undo the jury's careful consideration of the evidence, deliberation, and finding. Plaintiff's request for a new trial is **denied**.

For the foregoing reasons, Plaintiff's motion for judgment as a matter of law or, alternatively, for a new trial (Doc. 80) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 11/03/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge